UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
CHANMATEE P.,

                      Plaintiff,         <u>DECISION AND ORDER</u>
                                               1:24-CV-02629-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
-------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

In October of 2020, Plaintiff Chanmatee P.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Osterhout Berger Disability Law, Hannalore B. Merritt, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9).

This case was referred to the undersigned on November 26, 2024. Presently pending are the parties' requests for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

under Rule 12 (c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's request is due to be denied, the Commissioner's request is due to be granted, and this case is dismissed.

## I. BACKGROUND

### A. *Administrative Proceedings*

Plaintiff applied for benefits on October 23, 2020, alleging disability beginning December 8, 2017. (T at 295-98, 299-310).[2] She subsequently amended her alleged onset date to May 4, 2018. (T at 13). Plaintiff's applications were denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on January 17, 2023, before ALJ Sharda Singh. (T at 28-62). Plaintiff appeared with an attorney and testified. (T at 35-53). The ALJ also received testimony from Michael Smith, a vocational expert. (T at 53-60).

### B. *ALJ's Decision*

On February 27, 2023, the ALJ issued a decision denying the applications for benefits. (T at 10-27). The ALJ found that Plaintiff had not engaged in substantial gainful activity since May 4, 2018 (the amended

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 11.

alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2022 (the date last insured). (T at 15).

The ALJ concluded that Plaintiff's L3-4 degenerative changes, varicose veins, right shoulder impingement syndrome, and glaucoma were severe impairments as defined under the Act. (T at 15).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 16).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she should never climb ladders, ropes, or scaffolds; she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; frequently reach overhead with the right upper extremity; perform no more than frequent fine and gross manipulations with the right dominant hand; and should avoid hazards such as moving machinery. (T at 17).

The ALJ concluded that Plaintiff could perform her past relevant work as a resident care aide. (T at 21).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits

for the period between May 4, 2018 (the amended alleged onset date) and February 27, 2023 (the date of the ALJ's decision). (T at 21-22).

On February 12, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-5).

C.   *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on April 8, 2024. (Docket No. 1).  On July 10, 2024, Plaintiff filed a brief requesting judgment on the pleadings. (Docket No. 12).  The Commissioner interposed a brief requesting judgment on the pleadings on August 7, 2024. (Docket No. 13).

## II.  APPLICABLE LAW

A.   *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed.  Second, she contends that the ALJ erred in considering her subjective complaints.  The Court will address each argument in turn.

A.   *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013

WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2). The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)). The "more consistent a medical opinion" is with "evidence

from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Paul Mercurio performed a consultative examination in March of 2021. He diagnosed chronic low back pain, chronic left leg pain, chronic neck pain, diabetes mellitus type 2, and asthma. (T at 472).

Dr. Mercurio opined that Plaintiff would have mild limitation with respect to standing; moderate limitation as to extensive walking or climbing stairs; marked impairment in repetitive bending, lifting, carrying, or kneeling; mild limitation as to reaching generally, with moderate limitation in overhead reaching. (T at 472). Dr. Mercurio recommended that Plaintiff

avoid environments where she would be exposed to respiratory irritants. (T at 472).

The ALJ found Dr. Mercurio's opinion "somewhat" persuasive. In particular, the ALJ accepted the consultative examiner's overall assessment of Plaintiff's exertional limitations but concluded that his restrictions regarding respiratory irritants and repetitive bending, lifting, carrying, and kneeling were not supported by the record and were inconsistent with Plaintiff's activities of daily living. (T at 20).

Plaintiff argues that the ALJ erred by failing to adequately address Dr. Mercurio's opinion that she had moderate impairment in her ability to walk. For the following reasons the Court finds no reversible error in the ALJ's decision.

First, in concluding that Plaintiff could meet the walking demands of light work, the ALJ relied on a reasonable reading of the record, including the clinical examination findings, diagnostic imaging, and treatment history. (T at 17-20). Treatment notes described Plaintiff as having no edema of the extremities; normal respiratory findings; full range of motion of the cervical spine; almost full range of motion of the lumbar spine; negative straight leg raising test bilaterally; full strength of the upper and lower extremities; no

muscle atrophy; and normal neurological findings (T at 404, 410, 435, 452, 458, 483, 491, 498, 637, 644, 823, 830, 837).

Second, two State Agency review physicians found that Plaintiff could stand and/or walk for about 6 hours in an 8-hour workday. (T at 89, 101, 118, 134). "'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'" *Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)(quoting *Leach ex rel. Murray v. Barnhart,* 02 Civ. 3561, 2004 U.S. Dist. LEXIS 668, at *26 (S.D.N.Y. Jan. 22, 2004)); *see also Ortiz v. Comm'r of Soc. Sec.*, 309 F. Supp. 3d 189, 205 (S.D.N.Y. 2018)("Moreover, the opinion of a non-examining medical expert … may be considered substantial evidence if consistent with the record as a whole.").

Third, Dr. Mercurio's assessment that Plaintiff would have moderate limitation with respect to "extensive" walking is not inconsistent with the ALJ's conclusion that Plaintiff can meet the walking demands of light work. *See Jordan v. Comm'r of Soc. Sec.*, No. 16-CV-9634 (KHP), 2018 WL 1388527, at *10 (S.D.N.Y. Mar. 19, 2018)("Moreover, a number of courts have found that 'moderate' limitations for standing, walking, sitting, and lifting are consistent with the ability to do light work.")(collecting cases); *see*

also *Guzman v. Comm'r of Soc. Sec.*, No. 21-CV-6538 (KHP), 2022 WL 3013108, at *6 (S.D.N.Y. July 29, 2022); *Katherine R. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01055-MJR, 2021 WL 5596416, at *5 (W.D.N.Y. Nov. 30, 2021)("[C]ourts within this Circuit have consistently held that mild and moderate limitations, such as those assessed by Dr. Liu, are consistent with an RFC for light work."); *Murray v. Colvin*, No. 15-CV-6384P, 2016 WL 5335545, at *10 (W.D.N.Y. Sept. 23, 2016).

### B.   Subjective Complaints

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony

regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's credibility. First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's subjective complaints, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified that she stopped working because she could no longer meet the standing and walking demands of her past relevant work. (T at 71). She testified that she cannot stand long enough to cook a meal and experiences pain radiating from her spine to her legs. (T at 36, 38). According to Plaintiff, her pain is severe most of the time. (T at 39). Plaintiff also said she can only walk for about 5 minutes

14

without assistance and can only stand for 10 minutes before needing to sit down. (T at 42-43).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 18).

As explained below, the Court finds the ALJ's decision to discount Plaintiff's credibility supported by substantial evidence and consistent with applicable law.

First, the ALJ found Plaintiff's complaints of disabling pain and limitation not fully consistent with the treatment record, which the ALJ reasonably read as inconsistent with disabling limitations. As noted above, treatment notes described Plaintiff as having no edema of the extremities; normal respiratory findings; full range of motion of the cervical spine; almost full range of motion of the lumbar spine; negative straight leg raising test bilaterally; full strength of the upper and lower extremities; no muscle atrophy; and normal neurological findings (T at 404, 410, 435, 452, 458, 483, 491, 498, 637, 644, 823, 830, 837).

In addition, as discussed above, the State Agency review physicians concluded that Plaintiff retained the RFC to perform a range of light work. (T at 89, 101, 118, 134).

An ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered inconsistent with the overall clinical assessments and treatment notes. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

Second, the ALJ reasonably found Plaintiff's complaints of disabling pain and limitation inconsistent with her activities of daily living, which included cooking, light chores, personal care, and some driving. (T at 36-38, 49, 470).

A claimant's "normal range of activities" may be relied upon as evidence that the claimant "retains a greater functional capacity than alleged." *Smoker v. Saul*, No. 19-CV-1539 (AT) (JLC), 2020 U.S. Dist. LEXIS 80836, at *53 (S.D.N.Y. May 7, 2020)(citation omitted); *see also Rutkowski v. Astrue*, 368 Fed. App'x 226, 230 (2d Cir. 2010)(affirming

16

ALJ's credibility determination in light of "substantial evidence … showing that [claimant] was relatively 'mobile and functional,' and that … allegations of disability contradicted the broader evidence"); *Ashby v. Astrue*, No. 11 Civ. 02010, 2012 U.S. Dist. LEXIS 89135, at *43-44 (S.D.N.Y. Mar. 27, 2012)("As it appears that, in making his credibility assessment, the ALJ appropriately considered Plaintiff's ability to engage in certain daily activities as one factor, among others suggested by the regulations, this Court finds no legal error in this aspect of the ALJ's analysis.").

While the record shows Plaintiff suffers from pain and limitation the ALJ did not dismiss Plaintiff's subjective complaints and, instead, concluded that she was limited to a reduced range of light work. (T at 17).

However, "disability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, the ALJ offered specific support for the decision to discount Plaintiff's subjective complaints, including a reasonable reading of the treatment notes, clinical assessments, and medical opinions and proper consideration of the activities of daily living.

This is sufficient to sustain the disability determination under the deferential standard of review applicable here. *See Stanton v. Astrue,* 370

Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Hilliard v. Colvin*, No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because [claimant] remains functional in terms of activities of daily living and the objective medical evidence fails to support her claims of total disability based on pain").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's request for judgment on the pleadings is DENIED; the Commissioner's request for Judgment on the Pleadings is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: December 9, 2024

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge